UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSPRO ENTERPRISES, LP § | |
| Plaintiff, § | |
| § | |
| v. § | Civil No. 15-497 |
| § | |
| CITY OF AUSTIN § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES Auspro Enterprises, LP, hereinafter called Plaintiff, complaining of the City of Austin, hereinafter called Defendant, and for cause of action would respectfully show the Court and jury as follows.

### I. NATURE OF ACTION

1. This is a civil action for civil penalties brought under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1319, and 1365(a), against the City of Austin for discharging pollutants, including discharges from unpermitted sources, in violation of the CWA.

2. Plaintiffs seek civil penalties against the City of Austin and attorney fees and costs. 33 U.S.C. §§1365(a), (d) and 1319.

### II. JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's claims is conferred on this Court by 28 U.S.C. §1331.

4. Venue is proper in this Court under 33 U.S.C. §1319(b) and 28 U.S.C. §1391(b), because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

5. Notice of the commencement of this action has been given to the Texas Attorney

General and Administrator of the U.S. Environmental Protection Agency in accordance with 33 U.S.C. §1365(c).

### III.   PARTIES

6.  Plaintiff is an individual of the State of Texas who resides in Austin, Texas. Defendant, City of Austin, a city located in Travis County, Texas may be served with process by serving Mayor Steve Adler at Austin City Hall, 301 West 2nd Street, Austin, Texas 78701, under the authority of Texas Civil Practice & Remedies Code section 17.024(b).

### IV.   FACTUAL ALLEGATIONS

7.  Section 301(a) of the CWA, 33 U.S.C. §1311(a), prohibits the "discharge of pollutants" by any person into waters of the United States, except in compliance with that Section. The term "pollutant" means "rock, sand, cellar dirt and industrial, municipal, and agricultural waste discharged into water." 33 U.S.C. § 1362(6).

8.  Plaintiff owns property along the Colorado River across from the Roy G. Guerrero Colorado River Metropolitan Park (the "Park") owned by the Defendant in Austin, Texas. In 2013 and 2014, Defendant performed a significant construction project at the Park. The construction project included excavating large amounts of dirt from various areas of the Park. The Park has frontage along the Colorado River and Defendant placed the excavated dirt in an area near the river.

9.  Defendant failed to take steps to prevent erosion during construction (including to comply with its own rules and regulations for environmental controls during construction and excavation), with serious results. Significant amounts of erosion occurred along the portion of the property leading down to the river, and are worsening with every heavy rain. As a result, fill dirt, sand, gravel and rocks used in the construction flowed into the Colorado River during times

of heavy rain run-off, and have formed a significant dirt, rock and silt sandbar along and into the center of the river in front of the Park and in front of Plaintiff's property. A photo of the silt and dirt accumulation is shown on Exhibit A hereto. The sandbar has been present for many months and shows no signs that it will wash away and revert to its prior state. The sandbar has caused a noticeable change in the course and flow of the river and has negatively impacted the wetlands habitat that otherwise flourishes along this stretch of the Colorado River. With each heavy rain additional sand, gravel, rocks and silt make their way into the river from the City's property. Plaintiff has made repeated demands upon the Defendant to address its blatant disregard for federal and local law in its handling of its construction on the environmentally sensitive Colorado River, but the City has refused to act. In fact, it has failed to even respond to Plaintiff's pre-suit demands.

## V.   CAUSE OF ACTION

10. Paragraphs 1–9 are incorporated herein.

11. Defendant causing and/or failing to take reasonable steps to prevent dirt, rocks, silt and erosion from running off and draining from the Park into the Colorado River constitutes a violation of 33 U.S.C. §1311(a).

## VI.   REQUEST FOR JURY TRIAL

12. Pursuant to FRCP 38, Plaintiff hereby requests a jury trial in the above styled and numbered cause.

## VII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant be cited to appear and answer herein; and that upon final hearing, the Court grant Plaintiff relief as follows:

A. Order Defendant to pay Civil penalties under 33 U.S.C. §1319;

B. Order Defendant to pay Plaintiff's litigation costs, including reasonable attorney fees and costs pursuant to 33 U.S.C. §1365(d);

C. Order Defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

D. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant; and

E. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Plaintiff.

Respectfully submitted,

_____
Molly Mitchell
State Bar No. 14217815
Noel L. Stout
State Bar No. 24033245
ALMANZA, BLACKBURN & DICKIE, LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
(512) 474-9486; (512) 478-7151 FAX
mollym@abdlawfirm.com
nstout@abdlawfirm.com

**ATTORNEYS FOR PLAINTIFF**
