IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL KLEINMAN, §
§
Plaintiff, §
§
v. §
§ 1:15-CV-497-RP
CITY OF AUSTIN, §
§
Defendant. §

## ORDER

Before the Court is Plaintiff Michael Kleinman's ("Kleinman") motion for attorney's fees and costs, (Dkt. 109), and the parties' responsive briefing. Having considered the parties' arguments, the evidence, and the relevant law, the Court will grant Kleinman's motion in part.

Kleinman brought this action against Defendant City of Austin ("the City") under the Clean Water Act ("CWA"), 33 U.S.C. §§ 1311(a), 1319, and 1365(a). (Compl., Dkt. 1, at 1). Kleinman initially sought civil penalties and attorney's fees and costs. (*Id.* at 4; First Am. Compl., Dkt. 15, at 4). At trial, Kleinman also requested injunctive relief in the form of an independent engineer who would have an oversight role in the City's ongoing efforts to reduce erosion on the channel. (Tr., Dkt. 104, at 99:9–100:22). In post-trial briefing, Kleinman reiterated his request for injunctive relief along the same lines. (Pl.'s Prop. Find. Fact, Dkt. 105, ¶ 14). Neither at trial nor in his post-trial briefing did Kleinman ask that the City pay a civil penalty.

After a two-day trial, the Court found that the City had violated Section 1311(a) of the CWA. (Find. Fact & Concl. Law, Dkt. 107, at 10). Based on that finding, the Court was required to assess a civil penalty, *see* 33 U.S.C. § 1319(d), and did so. (Find. Fact & Concl. Law, Dkt. 107, at 16). However, the Court found that only a nominal penalty of $25,000 was appropriate. (*Id.*). The Court denied Kleinman's request for injunctive relief. (*Id.* at 11–13).

Kleinman now moves for attorney's fees in the amount of $95,388.99; court costs in the amount of $952.70;[1] and expert fees in the amount of $13,642.50. (Mot. Att'y Fees Ex. E, Dkt. 109-1, at 55). The City argues that the Court should abandon the lodestar calculation and award no more than nominal attorney's fees. (Resp. Mot. Att'y Fees, Dkt. 110, at 2).

## A. ATTORNEY'S FEES

The CWA provides that a court may "award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate." 33 U.S.C. § 1365(d). "In order to award attorney's fees under § 1365(d), a district court must make two findings. First, it must find that the fee applicant is a 'prevailing or substantially prevailing party.' Second, it must find that an award of attorney's fees is 'appropriate.'" *Saint John's Organic Farm v. Gem Cty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1058 (9th Cir. 2009). The Court found the City liable for a CWA violation and ordered it to pay a civil penalty; there is no question that Kleinman is a prevailing party, and the City does not argue otherwise.

As for whether a fee is appropriate, in the Fifth Circuit, "an award is usually 'appropriate' when a party has advanced the goals of the statute invoked in the litigation." *Chem. Mfrs. Ass'n v. U.S.E.P.A.*, 885 F.2d 1276, 1279 (5th Cir. 1989). That is a closer question. The CWA's stated objective is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The Court found no evidence that the sedimentary discharge caused partly by the City's actions was harmful to human health or detrimental to the Colorado River's ecosystem. (Find. Fact & Concl. Law, Dkt. 107, at 13). Nonetheless, rock and sand are pollutants under the CWA, 33 U.S.C. § 1362(6), and Kleinman secured a civil penalty that may deter future discharges. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 1850 (2000)

---

[1] Although Kleinman initially claimed $1,972.55 in costs, he agrees that a downward adjustment of $1,019.85 is warranted based on depositions that did not take place. (Reply, Dkt. 112, at 3–4).

(finding that CWA civil penalties "deter future violations" of the act). The Court finds that Kleinman has sufficiently advanced the goals of the CWA that an award is appropriate.

Having determined that an award of attorney's fees is appropriate, the Court must then determine the proper amount of the award. The lodestar model is typically the correct approach to calculate an appropriate fee award. *See City of Burlington v. Dague*, 505 U.S. 557, 562–67 (1992) (stating that the court's case law on reasonable fee awards applies to the CWA and discussing the merits of the lodestar model). There are a number of factors relevant to determining a fee award, *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974); however, none is more important than the results obtained. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("[T]he most critical factor is the degree of success obtained."). "[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Id, at 440. The extent of a plaintiff's results are so important to the fee analysis that "[i]n some circumstances, even a plaintiff who formally 'prevails'" within the meaning of a statute "should receive no attorney's fees at all." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992); *see also id.* at 117 (O'Connor, J., concurring) ("[W]hen a plaintiff's victory is purely technical or *de minimis*, a district court need not go through the usual complexities involved in calculating attorney's fees.").

Kleinman sued the City to vindicate an aesthetic injury personal to him. (Find. Fact & Concl. Law, Dkt. 107, at 13). He failed to present evidence that the ongoing sedimentary discharge was harmful to plant or animal life, or that it otherwise threatened the Colorado River's biological integrity. (*Id.*). The City was only partially responsible for the discharges, and it had already developed plans to significantly reduce the discharges before trial. (*Id.* at 15).

For all of these reasons and others, the Court declined to award Kleinman the only relief he asked for at trial—an injunction giving his chosen representative oversight of the City's planned channel work. (Tr., Dkt. 104, at 99:9–100:22). Instead, the Court ordered the relief required by the

CWA—a civil penalty—but only in a nominal amount equivalent to the maximum penalty for one day's violation. 33 U.S.C. § 1319(d); (Find. Fact & Concl. Law, Dkt. 107, at 13–16 (imposing a "nominal penalty")). Kleinman's victory is *de minimis*—he vindicated a personal interest, was denied the injunctive relief he sought, and secured only a nominal civil penalty commensurate with the limited seriousness of the City's violation. Given the limited nature of the relief Kleinman obtained and because this litigation tended to serve his private interests rather than the public interests contemplated by the statute, it is appropriate to skip the usual complexities of determining an appropriate fee. A nominal fee is appropriate in light of Kleinman's nominal success. The Court will award Kleinman attorney's fees in the amount of $5,451—approximately five percent of his total attorney's and expert fees.

## B. COSTS

Because he is a prevailing party, Kleinman is eligible to recover his costs from the City. Fed. R. Civ. P. 54(d)(1); *see also Choate v. Potter*, 349 F. App'x 927, 930 (5th Cir. 2009) ("Rule 54(d)(1) carries a strong presumption that the prevailing party will be awarded costs."). Taxable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copies of materials used in the case; (5) docket fees; and (6) compensation of court-appointed experts. 28 U.S.C. § 1920. Unless an expert is court-appointed, a court may not tax as costs expert fees in excess of the $40-per-day limited set out in 28 U.S.C. § 1821(2)(b). *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *see also Tyler v. Union Oil Co. of California*, 304 F.3d 379, 404 (5th Cir. 2002) ("[E]xpert witness fees in excess of the standard witness per diem and travel allowances cannot be taxed in the absence of express statutory authority to the contrary.").

Kleinman initially requested court costs in the amount of $1,972.55, (Mot. Att'y Fees Ex. E, Dkt. 109-1, at 55), but agrees with the City's request for a downward adjustment of $1,019.85 based on depositions that did not take place. (Reply, Dkt. 112, at 3–4). Based on a review of Kleinman's

expenses, (Mot. Att'y Fees Ex. A, Dkt. 109-1, at 9–49), and accounting for the agreed downward adjustment, the Court finds that it is appropriate to award Kleinman court costs in the amount of $952.70.

## C. CONCLUSION

For the reasons given above, **IT IS ORDERED** that Kleinman's Motion and Affidavit for Attorney's Fees and Costs, (Dkt. 109), is **GRANTED IN PART**. Kleinman's motion is granted insofar as the Court will grant him the following relief: Kleinman shall recover from the City: (1) attorney's fees in the amount of $5,451; and (2) costs in the amount of $952.70. All other relief not expressly granted is denied.

**SIGNED** on June 26, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE